People v Goodnough (2024 NY Slip Op 06244)

People v Goodnough

2024 NY Slip Op 06244

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

113241
[*1]The People of the State of New York, Respondent,
v
Bradley Goodnough, Appellant.

Calendar Date:November 8, 2024

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

David E. Woodin, Catskill, for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Appeal from a judgment of the County Court of Sullivan County (James R. Farrell, J.), rendered July 21, 2021, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In full satisfaction of a two-count indictment, and after waiving his right to be present during the plea and sentencing proceedings, defendant agreed to plead guilty to robbery in the first degree with the understanding that he would be sentenced to a prison term of eight years, to be followed by five years of postrelease supervision. The charges stemmed from an incident wherein defendant and his codefendant robbed a local gas station. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, County Court imposed the agreed-upon sentence and this appeal ensued.
We affirm. Although we agree with defendant that the written waiver of appeal executed in this matter was overbroad and, hence, invalid, "the lack of a valid written waiver is not fatal where, as here, the oral waiver colloquy is sufficient to demonstrate that the defendant knowingly, intelligently and voluntarily waived his or her right to appeal" (People v Devins, 206 AD3d 1365, 1366 [3d Dept 2022] [internal quotation marks and citations omitted]). To the extent that defendant contends that County Court's oral colloquy could have been more expansive, we note that the court "explained that the waiver of appeal was part of defendant's plea agreement, advised defendant that the appeal waiver was separate and distinct from the other rights that [he] would be forfeiting by pleading guilty, referenced certain of the appellate issues that would survive the appeal waiver, ascertained that defendant had been afforded sufficient time to confer with counsel and elicited defendant's assurances that [he] understood the nature and extent of the waiver" (People v Soto, 228 AD3d 1072, 1073 [3d Dept 2024]; see People v Rabine, 227 AD3d 1274, 1275 [3d Dept 2024]). Under these circumstances, we are satisfied that defendant understood that some appellate review survived. In light of the valid appeal waiver, defendant's challenge to the agreed-upon sentence is precluded (see People v Miller, 227 AD3d 1232, 1233 [3d Dept 2024], lv denied 41 NY3d 1020 [2024]).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.